G. E. ANDERSON v. THE STATE.

No. 14329. Delivered April 29, 1931.
Rehearing Granted June 17, 1931.

The opinion states the case.

*Francis M. Chaney,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of property of the value of more than $50; punishment, two years in the penitentiary.

Officer Nowland testified that he had the description of a Chevrolet car and found it at the residence of Mrs. Barnes on San Jacinto street

in Dallas, and took same and returned it to its owner, Mr. Coleman of Ferris, Ellis county, Texas. He said he arrested appellant and one Finch at the used car garage of Mr. Hale on Monday following the loss of the car on Saturday night; that he arrested said parties for their connection with the taking of said car. Mr. Coleman testified that he lived in Ferris, Ellis county, Texas, and that about August 10th he lost a car from his garage which he recovered in Dallas. Mrs. Barnes testified that she lived on San Jacinto street in Dallas, and had a rooming house; that Finch roomed with her. She testified that on the evening before the Saturday night of the loss of the car mentioned appellant came to her place late in the evening and she heard him say to Finch "Let's be going, we have a long ways to go, and it is getting late." She said the next morning there was a Chevrolet car standing in her driveway, and that Finch said to her to come out and look at "our car". She said she did not know who he referred to in his use of the word "our." She further testified that later appellant came to her place and told Finch to come on and let's go down and collect for that car that Finch sold to Mr. Hale. Mr. Hale testified that he had a used car garage in Dallas, and that on Sunday morning about the 10th of August he saw appellant and Finch at his place where they were asking about getting up of some papers relative to a Chevrolet car. He did not aid them in getting up any papers, and had made no trade with them for any Chevorlet car. He said that both appelant and Finch tried to sell him a Chevrolet car which they said they had and which they claimed to have left at some domino parlor; they did not bring the car down to his place. He further testified that they were both arrested at his place the next morning. While the evidence is not as closely connected as might have been had a few more questions been asked Mr. Coleman and some of the other witnesses, still we think it sufficient to connect appellant with the theft of the Chevrolet car.

There are no exceptions to the charge of the court, or complaint of same in such way as that we can consider it. There are five bills of exception, all of which have been scrutinized. The first complains of the refusal of the court to give a peremptory instruction in favor of the appellant. What we have above said demonstrates our opinion that the refusal of this charge was not erroneous. Another bill complains of the fact that appellant was asked by the state while a witness in his own behalf, if he had not been charged with certain felonies prior to the time of his testifying. This practice is usual with us as affecting the credibility of the witness.

There is complaint by another bill apparently of the refusal of a new trial on the ground of newly discovered evidence. The affidavit of one of the newly discovered witnesses attached to the motion appears not to be sworn to before any official, and the other affidavit seems to relate

to a matter of no materiality. The bill of exception is insufficient to bring before us the matters complained of in the motion, which has nevertheless been inspected by us and we are not impressed with the fact that diligence to discover the evidence is shown or that the court erred in overruling same. Bills of exception 4 and 5 present alleged error in regard to the testimony of Mrs. Barnes which seems to us of no materiality.

In his brief appellant's counsel, upon appeal, devotes most of his time to an insistence upon the insufficiency of the testimony. As above indicated, the case might have been more closely connected up, but there seems to be sufficient testimony to support the finding of the jury.

No reversible error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We stated in our original opinion that this case did not appear to have been very carefully tried. Appellant by a forcible motion for rehearing challenges the correctness of our conclusion that the testimony, as it appears in this record, is sufficiently connected to show beyond a reasonable doubt his guilt. We have again reviewed the facts in the light of appellant's motion, and feel constrained to agree with his contention. It may be easily possible that the state upon another trial will be able to better present its testimony, and to connect the testimony of the various witnesses in such way as ought to appear when a man is on trial for his liberty.

Being impressed with the fact that we erred originally, the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

*Motion for rehearing granted.*